ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
DOUGLAS F. McCORMICK (180415)
Assistant United States Attorney
GREGORY W. STAPLES (155505)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 338-3561
    E-mail:   greg.staples@usdoj.gov

KATHLEEN McGOVERN, Acting Chief
CHARLES G. LA BELLA, Deputy Chief (183448)
ANDREW GENTIN, Trial Attorney
Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, N.W.
    Washington, DC 20005
    Telephone: (202) 353-3551
    Facsimile: (202) 514-0152
    E-mail:   charles.labella@usdoj.gov
               andrew.gentin@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. SA CR 08-00336-JVS |
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION;</u> <u>MOTION FOR DOWNWARD DEPARTURE;</u> |
| v. | <u>MEMORANDUM OF POINTS AND</u> <u>AUTHORITIES</u> |
| MARIO COVINO, | **Sentencing Hearing:** |
| Defendant. | March 11, 2013<br>8:00 a.m. |

Plaintiff United States of America, by and through its attorneys of record, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the Central District of California (collectively, "the

government"), hereby files its Sentencing Position and Motion for Downward Departure for defendant Mario Covino. The government's position and motion are based upon the attached memorandum of points and authorities, the files and records in this matter, as well as any evidence or argument presented at any hearing on this matter.

DATED: February 1, 2013          Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney

                                 DENNISE D. WILLETT
                                 Assistant United States Attorney
                                 Chief, Santa Ana Branch Office

                                 DOUGLAS F. McCORMICK
                                 Assistant United States Attorney
                                 Deputy Chief, Santa Ana Branch Office

                                 GREGORY W. STAPLES
                                 Assistant United States Attorney

                                 KATHLEEN McGOVERN, Acting Chief
                                 CHARLES G. LA BELLA, Deputy Chief
                                 ANDREW GENTIN, Trial Attorney
                                 Fraud Section, Criminal Division
                                 United States Department of Justice

                                 /s/
                                 _____
                                 DOUGLAS F. McCORMICK
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND THE PSR**

Defendant Mario Covino ("defendant") is before the court for sentencing following his plea of guilty to an information charging him with one count of conspiracy to violate the laws of the United States, namely, to violate the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-2. Defendant's guilty plea arises from his involvement in causing corrupt payments to be made by his employer, Control Components, Inc. ("CCI"), to foreign officials employed at state-owned enterprises for the purpose of obtaining and retaining business for CCI.

Applying the advisory United States Sentencing Guidelines, the United States Probation Office ("USPO") calculated that defendant's total offense level is 29, based on:

(1) a base offense level of 12 (U.S.S.G. §§ 2X1.1(a) and 2C1.1(a)(2));

(2) a two-level increase because the offense involved more than one bribe payment (§ 2C1.1(b)(1));

(3) an 18-level increase because the value of the benefits CCI received in return for the payments was more than $2.5 million (§§ 2C1.1(b)(2) and 2B1.1(b)(1)(J)); and

(4) a three-level reduction for defendant's acceptance of responsibility (§ 3E1.1). Pre-Sentence Report ("PSR") ¶¶ 38-52. The USPO further calculated that defendant's criminal history is category I. PSR ¶¶ 54-59. The statutory maximum for defendant's offense of conviction is 60 months; accordingly, because the Guidelines range for an offense level of 29 and a criminal

history category of I is 87-108 months, or greater than the statutory maximum, that statutory maximum becomes the Guidelines range.  PSR ¶ 95.[1]

## II.

### GOVERNMENT'S RESPONSE TO THE PSR

The government has no factual objections to the PSR and adopts the factual findings contained in the PSR.  The government concurs in the Probation Office's determination of defendant's adjusted offense level and criminal history category.  Provided that defendant continues to demonstrate an acceptance of responsibility through the time of sentencing, the government recommends that the Court reduce defendant's offense level by three levels under § 3E1.1.

The government's current position reflects a modification of its position in the plea agreement.  In the plea agreement, the parties stipulated that defendant's total offense level should be 32.  The plea agreement's calculation of defendant's total offense level includes a three-level enhancement for aggravating role under U.S.S.G. § 3B1.1.

In the PSR, the Probation Officer notes that such an aggravating role enhancement was not applied by the Court to CCI executives Stuart Carson and Paul Cosgrove at their sentencing hearings.  PSR ¶ 45 n.1.  (Nor did the Court apply such an aggravating role enhancement to David Edmonds; his sentencing

---

[1] The government notes that, given defendant's criminal history category of I, a Guidelines range of 60 months would be a Guidelines range equivalent to an offense level of 24 (51 to 63 months) or 25 (57 to 71 months).

2

hearing took place after the PSR was disclosed.)  The Probation Officer concluded that defendant worked in concert with these executives and others in furtherance of CCI's "friends-in-camp" business model, a business model that encouraged corrupt payments to customers.  Id.  The Probation Officer thus concluded that no role adjustment was appropriate.  Id.  Notwithstanding the provisions of the plea agreement, the government agrees with the Probation Officer's conclusion.

### III.
### **GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE**

Pursuant to U.S.S.G. § 5K1.1, upon government motion, the Court may reduce a sentence to reflect a defendant's substantial assistance in the prosecution of another person who has committed an offense.  U.S.S.G. § 5K1.1(a) enumerates five factors that the Court may consider to determine the appropriate sentencing reduction where a defendant provides such assistance.  Pursuant to § 5K1.1, the government moves for a downward departure based on defendant's substantial assistance.

Beginning in February 2008, during the initial stages of the government's investigation, defendant provided and subsequently continued to provide the government with invaluable information concerning the bribery practices at CCI.  Defendant served as CCI's Director of Worldwide Factory Sales and as Paul Cosgrove's "right hand man."  As a result, defendant had a first-hand view of CCI's FIC sales model and the improper payments that were an integral part of the model.  Defendant gave the government an insider's view of the company's sales practices, accounting systems, terminology, executives, employees, and agents, and

provided a compelling narrative for the documents that indicated improper payments.

Defendant entered into a plea agreement in December 2008 and pleaded guilty in January 2009. He was the first CCI employee to plead guilty. In his plea agreement, defendant agreed to meet with the government, to respond truthfully and completely to all questions that may be put to him, and, if asked, to testify at the anticipated trial against other CCI executives. The government's indictment of six individual defendants followed in April 2009.

Defendant's cooperation provided critical support for the indictment. Defendant was one of two cooperating defendants whose anticipated testimony was central to the government's case. For several of the counts and overt acts in the indictment, defendant's statements were the only witness testimony the government had available to corroborate payment records and e-mails.

After the return of the indictment, the government disclosed defendant's statements to defense counsel. The government expected defendant to be one of its primary witnesses at trial. Defendant's cooperation thus led to five guilty pleas of other CCI executives – Stuart Carson, Paul Cosgrove, Hong "Rose" Carson, David Edmonds, and Flavio Ricotti. His cooperation also assisted in the government's corporate resolution with CCI, wherein the company pleaded guilty to bribery offenses and paid an $18.2 million fine.

Based on the significance of defendant's cooperation, the duration of defendant's cooperation, and the importance of

defendant's cooperation to the government's successful resolution of its case against the other individual defendants and the company, the government believes that an extraordinary downward departure is warranted under these circumstances. Accordingly, the government moves for a downward departure of 10 levels.[2]

### IV.

### GOVERNMENT'S SENTENCING RECOMMENDATION

According to United States v. Booker, 543 U.S. 220 (2005), and Rita v. United States, 551 U.S. 338 (2007), this Court must consider the Sentencing Guidelines and the guidelines range determined under those guidelines when sentencing. That guidelines range then becomes one of several factors identified in 18 U.S.C. § 3553(a) that the Court must look to when fashioning defendant's sentence. See United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006).

The Probation Officer concludes that defendant's "extraordinary" acceptance of responsibility warrants a four-level downward departure, and his history and characteristics warrant a two-level variance from the otherwise applicable guidelines sentencing range. (PSR Ltr. at 4-5.) In addition, the Probation Officer determines that a further variance is warranted to avoid an unwarranted sentencing disparity with other similarly situated defendants, namely, Stuart Carson, Paul Cosgrove, Hong "Rose" Carson, and David Edmonds. (PSR Ltr. at

---

[2] Where, as here, the statutory maximum sentence is less than the calculated guidelines range, the starting point for any downward departure is the statutory maximum sentence. See U.S.S.G. § 5G1.1(a); United States v. Shaw, 313 F.3d 219, 223-24 (4th Cir. 2002).

5.)

The government agrees in part with the Probation Officer's analysis. Defendant accepted responsibility for his conduct in early 2008, shortly after the government's investigation began in 2007. This early acceptance of responsibility can be contrasted with the much later acceptance of responsibility by the Carsons, Cosgrove, and Edmonds, each of whom pleaded guilty only after approximately three years of hard-fought, protracted litigation.

Defendant's total offense level as calculated by the guidelines already recognizes through the third point under U.S.S.G. § 3E1.1(b) the value to the government and the Court of such early acceptance. This three point deduction, however, is not truly recognized where, as here, its application results in a Guidelines range that is still greater than the statutory maximum.

The government agrees that a sentence which contains any custody component for defendant would create a disparity. Having pleaded guilty and accepted responsibility at such an early stage, it is only fair that defendant do no worse than the defendants who resisted the government's case for three years and only struck deals on the eve (or near the eve) of trial. As a result, the government recommends a variance to take into account defendant's early acceptance of responsibility and the unwarranted sentencing disparity with other defendants.

The government's recommended ten-level 5K1.1 downward departure, when calculated from an offense level of 24, see infra note 1, results in an offense level of 14 and a guidelines range of fifteen to twenty-one months. For the reasons set forth

above, the government recommends a further variance that results in a sentence of probation.

## V.

## CONCLUSION

The government recommends a sentence of probation.